UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
CAPITAL ONE, NATIONAL ASSOCIATION,

                                            Plaintiff,

-against –

361 MILLER REALTY LLC, MARK FURER, ELIE M.
FURER, NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD and "JOHN AND/OR JANE DOE
#1" to "JOHN AND/OR JANE DOE #20" inclusive, the
last 20 named persons being unknown to plaintiff, the
persons and parties intended being the tenants, occupants,
persons, entities, or corporations, if any, having or
claiming upon the premises at 361 Miller Avenue,
Brooklyn, New York, a four-story, 20-apartment building,
as more fully described in the complaint,

                                            Defendants.
-------------------------------------------------------------------------x

Civil Action No.: 12-1572
(ILG)(JMA)

**ANSWER**

      Defendant, 361 Miller Realty LLC ("Miller Realty") by its attorneys, Toback, Bernstein & Reiss LLP answers the Complaint as follows:

      1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint, except avers upon information and belief, that the mortgage is non-recourse.

      2.     Denies the allegations contained in paragraph "2" of the Complaint.

      3.     Denies knowledge or information sufficient to form a belief to the truth of the allegations contained in paragraph "3" of the Complaint.

      4.     Denies the allegations contained in paragraph "4" of the Complaint, but admits that Miller Realty is a New York limited liability company with an office in Brooklyn, New York.

5.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

6.  Neither admits or denies the allegations contained in paragraphs "6" and "7" of the Complaint, as the allegations contained therein assert a legal conclusion.

7.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint.

8.  Denies the allegations contained in paragraph "9" of the Complaint, but aver that Miller Realty's office is located in Brooklyn, New York and is a party to the Consolidation Agreement.

9.  Denies the allegations contained in paragraph "10" of the Complaint, but avers, upon information and belief that Mark Furer was a member of Miller Realty.

10. Denies the allegations contained in paragraph "11" of the Complaint, but avers upon information and belief, that Elie M. Furer was a member of Miller Realty.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "12", "13", "14", and "15" of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint, but respectfully refer to the "Consolidation Agreement" for its terms.

13. Denies the allegations contained in paragraphs "17", "18", "19", "20" and "21" of the Complaint and respectfully refer to the Consolidation Agreement for the terms thereof.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Complaint and aver that a copy of the "Assignment of Rents" was not annexed to the Complaint as Exhibit "B."

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "23", "24", and "25" of the Complaint, and respectfully refer to such document for any terms contained therein.

16. Denies the allegations contained in paragraph "26" of the Complaint, but admit certain payments were not paid under the Consolidation Agreement.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "27", "28", "29" and "30" of the Complaint and refer to the relevant documents for the terms thereof.

18. In response to paragraph "31" of the Complaint, Defendant repeats and realleges each and every answer set forth above, as if more fully set forth herein.

19. Denies the allegations contained in paragraph "32" of the Complaint.

20. Denies the allegations contained in paragraph "33" of the Complaint and specifically refer to the Consolidation Agreement for the terms thereof.

21. Denies information sufficient to form a belief as to the truth of the allegations contained in paragraphs "34", "35" and, "36" of the Complaint.

22. Denies the allegations contained in paragraph "37" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

23. The Complaint fails to state a cause of action against Defendant, Miller Realty.

## SECOND AFFIRMATIVE DEFENSE

24. Upon information and belief, Plaintiff has failed to deliver to the Defendant the required notices in accordance with the loan documents, including but not limited to any notice(s) of default.

25. By reason of the foregoing, Plaintiff has failed to satisfy a condition precedent to this action.

### THIRD AFFIRMATIVE DEFENSE

26. Upon information and belief, the Plaintiff lacks standing to commence or to continue this action in the absence of validly executed and original loan documents and assignments of all of the loan documents upon which Plaintiff's claims are predicated.

### FOURTH AFFIRMATIVE DEFENSE

27. Plaintiff's claims are, upon information and belief, barred by reasons of unclean hands, fraud, unconscionable conduct by Plaintiff and estoppel.

### FIFTH AFFIRMATIVE DEFENSE

28. The mortgaged property is a rental building with more than five (5) residential tenants.

29. The Plaintiff was required to provide written statutory notice to the tenants of the building in accordance with N.Y. Real Property Actions and Proceedings Law §1303 ("RPAPL §1303).

30. The statutory notice had to be provided within ten (10) days of the service of the summons and complaint in the form and manner required by RPAPL §1303.

31. Defendant did not see such notices and, upon information and belief, assert that such notices were not provided, as required by RPAPL §1303, requiring dismissal of the complaint.

## SIXTH AFFIRMATIVE DEFENSE

32. The Court does not have personal jurisdiction over the answering Defendant and, upon information and belief, the Court may not have the subject-matter jurisdiction.

**WHEREFORE**, the answering Defendant demands judgment dismissing the Complaint, together with costs and disbursements of this action and such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 27, 2012

TOBACK, BERNSTEIN & REISS LLP

By: _____
Brian K. Bernstein,
Attorneys for Defendant
361 Miller Realty LLC
15 West 44th Street
New York, NY 10036
(212) 869-2300

TO: Schiff Hardin LLP
666 Fifth Avenue, 17th floor
Attorneys for Plaintiff
New York, NY 10022
(212) 753-5000

# VERIFICATION

STATE OF NEW YORK )
                  : ss.:
COUNTY OF NEW YORK )

I, **Jacob Lang,** being sworn says: I am a Member of the Defendant **361 Miller Realty, LLC** in the within action; I have read the foregoing **Answer** dated April 27, 2012 and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

_____
Jacob Lang

Sworn to before me this
27th day of April 2012

_____
Notary Public

BRIAN K. BERNSTEIN
Notary Public State of New York
No. 31-4755434
Qualified in New York County
Commission Expires Febraury 28, 20 14

S:\DOCS\CLIENT\Lang, Jacob\Verification Jacob Lang.doc