UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

CAPITAL ONE, NATIONAL ASSOCIATION,

                                Plaintiff,

-against-

361 MILLER REALTY LLC, MARK FURER, ELIE M. FURER, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, and "JOHN AND/OR JANE DOE #1" to "JOHN AND/OR JANE DOE # 20" inclusive, the last 20 named persons being unknown to plaintiff, the persons and parties intended being the tenants, occupants, persons, entities, or corporations, if any, having or claiming upon the premises at 361 Miller Avenue, Brooklyn, New York, a four-story, 20-apartment building, as more fully described in the amended complaint,

                                Defendants.
-----------------------------------------------------------------

**AMENDED COMPLAINT FOR FORECLOSURE OF MORTGAGE**

Civil Action No.: 12-1572 (ILG) (JMA)

Plaintiff CAPITAL ONE, NATIONAL ASSOCIATION ("CAPITAL ONE"), by its attorneys, Schiff Hardin LLP, for its Amended Complaint for the Foreclosure of Mortgage, alleges as follows:

### Preliminary Statement

1. This is an action for the foreclosure of a mortgage securing consolidated notes in the aggregate principal amount of $1,650,000.00 encumbering a four-story, 20-apartment building at 361 Miller Avenue in Brooklyn, New York (along with certain other collateral and as more fully defined herein, the "Mortgaged Property"), and a deficiency judgment against the borrower.

2. In brief, borrower 361 MILLER REALTY LLC has failed to pay and has defaulted under the notes and mortgage held by CAPITAL ONE. The mortgage loan has been accelerated

after said default and has not been paid. CAPITAL ONE is entitled to foreclose the Mortgaged Property under the applicable loan agreements and New York law.

### Jurisdiction and Venue

3. Plaintiff CAPITAL ONE is a national banking association located in McLean, Virginia, the State designated in its articles of association as its main office, and is a citizen of Virginia for 28 U.S.C. § 1332 purposes.

4. Defendant 361 MILLER REALTY LLC is, upon information and belief, a New York limited liability company.

5. Defendants MARK FURER and ELIE M. FURER are, upon information and belief, located in the State of New Jersey.

6. The NEW YORK CITY ENVIRONMENTAL CONTROL BOARD and JOHN AND/OR JANE DOES # 1-20 are, upon information and belief, citizens located in the State of New York.

7. The Court has jurisdiction under 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiff and all Defendants and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

## Parties

9. Plaintiff CAPITAL ONE holds a mortgage pursuant to loan agreements with Defendant 361 MILLER REALTY LLC in the principal amount of $1,650,000.00 as well as all interest and additional rents and moneys as set forth in the mortgage loan agreements described below, dated July 10, 2008.

10. Defendant 361 MILLER REALTY LLC is the borrower under the mortgage loan agreements, and is a New York limited liability company, having an office at 1103 Somerset Avenue, Lakewood, New Jersey 08701. Said 361 MILLER REALTY LLC is named as a party defendant herein for the purpose of recovering outstanding amounts owed under the mortgage loan agreements, and foreclosing any right, title or interest asserted against the Mortgaged Property being foreclosed herein.

11. Upon information and belief, at all times herein mentioned, defendant MARK FURER was and is a member of defendant 361 MILLER REALTY LLC. Defendant MARK FURER is made a party defendant herein for the purpose of foreclosing any right, title or interest asserted against the Mortgaged Property being foreclosed herein.

12. Upon information and belief, at all times herein mentioned, defendant ELIE M. FURER was and is a member of defendant 361 MILLER REALTY LLC. Defendant ELIE M. FURER is made a party defendant herein for the purpose of foreclosing any right, title or interest asserted against the Mortgaged Property being foreclosed herein.

13. Upon information and belief, at all times herein mentioned, defendant NEW YORK CITY ENVIRONMENTAL CONTROL BOARD was and is an agency of the City of

New York existing under the laws of the City and State of New York. Defendant NEW YORK CITY ENVIRONMENTAL CONTROL BOARD is made a party defendant herein solely for the purpose of foreclosing those judgments or other liens, if any, against the Mortgaged Property which accrued or may accrue subsequent to the liens of the mortgage being foreclosed herein by virtue of possible unpaid violations or fees which are or may be due or may become due from any owner of record of the Mortgaged Property.

14.     At all times herein mentioned, the defendants, "JOHN and/or JANE DOE # 1" to "JOHN and/or JANE DOE # 20" inclusive, the last twenty named persons being unknown to plaintiff, the persons and parties intended being the tenants, occupants, persons, entities, or corporations, if any, having or claiming an interest in, or lien upon, the Mortgaged Property. Said defendants are named as party defendants herein for the purpose of terminating any such interests.

15.     Upon information and belief, the above-named defendants, and each of them have or claim to have some interest in or lien upon said Mortgaged Property or some part thereof, which interest or lien if any, has accrued subsequent to the lien of said mortgage and is subject and subordinate hereto.

16.     Upon information and belief, no person other than those described herein have, may have, or claim to have an interest in and or lien upon the Mortgaged Property.

## The Mortgage Loan Agreements

17.     CAPITAL ONE is the lawful owner and holder of a Mortgage Consolidation, Extension, and Modification Agreement (the "Consolidation Agreement") in the principal sum of $1,650,000.00 together with interest thereon, made by 361 MILLER REALTY LLC in favor of CAPITAL ONE dated July 10, 2008. A copy of said Consolidation Agreement is annexed hereto and incorporated by reference herein as Exhibit A.

18.     Paragraph IV of the Consolidation Agreement provides in relevant part that 361 MILLER REALTY LLC promised to "pay the principal sum and interest at the times and in the manner . . . set forth . . . and to comply with all the other terms and provisions hereof . . . ."

19.     Paragraph VIII.18(a) of the Consolidation Agreement provides in relevant part that "[t]he Debt will become due at the option of the Mortgagee . . . if any Installment is not paid within ten (10) days after the same is due."

20.     Paragraph VIII.18 of the Consolidation Agreement provides in relevant part that "[u]pon the occurrence of any one of the foregoing events set forth in this Paragraph 18 and upon the Mortgagee exercising its option to declare the Debt immediately due and payable by reason thereof, the Mortgagor will pay, from the date of that event, interest at the rate of 24% per annum (the "Default Rate")."

21.     Paragraph VIII.19 of the Consolidation Agreement provides in relevant part that "[i]f the Mortgagor fails to make any payment or to do any act as herein provided, the Mortgagee may, but without any obligation to do so and without notice to or demand on the Mortgagor and without releasing the Mortgagor from any obligation hereunder, make or do the same in such

manner and to such extent as the Mortgagee may deem necessary to protect the security hereof, the Mortgagee being authorized to enter upon the Mortgaged Property for such purposes, or appear in, defend or bring any action or proceeding to protect its interests in the Mortgaged Property or to foreclose the Mortgage or collect the Debt. The cost and expense thereof (including attorneys' fees), with interest as provided in this paragraph shall be due upon demand from the Mortgagee to the Mortgagor. All such costs and expenses incurred by the Mortgagee in remedying such default or in appearing in, defending or bringing any such action or proceeding shall be paid with interest at the Default Rate for the period after notice from the Mortgagee that such cost or expense was incurred to the date of payment to the Mortgagee. All such costs and expenses incurred by the Mortgagee pursuant to the terms hereof, with interest, shall be deemed to be secured by the Mortgage."

22. Paragraph VIII.21 of the Consolidation Agreement provides that "[i]n any action to foreclose the Mortgage the Mortgagee shall be entitled to the appointment of a receiver without notice."

23. The Consolidation Agreement is secured by an Assignment of Rents made by 361 MILLER REALTY LLC, as assignor, and CAPITAL ONE, as assignee, in which 361 MILLER REALTY LLC assigned to CAPITAL ONE on July 10, 2008. A copy of said Assignment of Rents is annexed hereto and incorporated by reference herein as Exhibit B.

24. Paragraph 5 of the Assignment of Rents provides in relevant part that 361 MILLER REALTY LLC transferred to CAPITAL ONE "all leases or subleases made to the

various tenants in the buildings at the Mortgaged Property and all of its right, title and interest therein as security . . . ."

25. Paragraph 8 of the Assignment of Rents provides in relevant part that "the amount due to the Assignee under the Loan Documents shall, at the option of the Assignee, become immediately due and payable in the event of any default under the Loan Documents."

26. Paragraph 9 of the Assignment of Rents provides in relevant part that it "is intended for use in connection with the loan secured by the Loan Documents. It is understood and agreed by the parties that this Assignment shall in no manner prejudice the Assignee or estop the Assignee in any way in the exercise of its rights as mortgagee or as the plaintiff in any foreclosure action which may be instituted or in connection with the enforcement of any lien which the Assignee may have upon the corporate shares of the Assignor . . . . and upon any other collateral which may be held by the Assignee and this Assignment shall at all times be subject to the exercise of any such rights which the Assignee may be entitled to take in connection therewith."

### Defaults Under the Loan Documents

27. 361 MILLER REALTY LLC defaulted in failing to make monthly principal and interest payments due under the Consolidation Agreement as of November 1, 2011, which constitutes a default. No payments have been received for installments due on November 1, 2011 and thereafter.

28. Pursuant to the terms of the Consolidation Agreement upon the occurrence of default, CAPITAL ONE may elect to accelerate the entire balance of principal outstanding under the Loan (or any party thereof), together with any accrued interest.

29. On February 22, 2012, CAPITAL ONE notified 361 MILLER REALTY LLC that it was in default under the Consolidation Agreement and that all amounts due under the Loan Documents were accelerated and immediately due and payable at the Default Rate. A copy of said notice is annexed hereto and incorporated by reference herein as Exhibit C.

30. More than ten (10) days have elapsed since the first of said Defaults (as such term is defined in the Consolidation Agreement) occurred, and by reason thereof CAPITAL ONE has elected and hereby elects to declare immediately due and payable the entire balance of principal, rents, payments, outstanding monies and interest thereon.

31. The outstanding obligations owed by 361 MILLER REALTY LLC to CAPITAL ONE under the Loan Documents total $1,615,652.75 as of February 22, 2012, plus advances, default interest, and attorney's fees and expenses.

### I. ACTION FOR FORECLOSURE OF MORTGAGE

32. Plaintiff repeats and realleges paragraphs 1 through 31 above as if said paragraphs were fully set forth herein.

33. In light of the above default, CAPITAL ONE is entitled to foreclose on all of the Mortgaged Property and is entitled to the appointment of a receiver without notice.

34. In order to protect its security, CAPITAL ONE may during the pendency of this action be compelled to pay sums for premiums on policies of fire and other hazard insurance, taxes, assessments, and/or other charges affecting the Mortgaged Property herein described. CAPITAL ONE prays that all sums so paid, together with interest at the default rate set forth in the Consolidation Agreement from the date of such payments, together with CAPITAL ONE's costs and expenses incurred in enforcing the sums secured by the Consolidation Agreement, including CAPITAL ONE's reasonable attorneys' fees, shall be added to CAPITAL ONE's claim as secured by the Consolidation Agreement, and be adjudged a valid lien on the Mortgaged Property such that CAPITAL ONE be paid such sums out of the proceeds of the sale of the Mortgaged Property.

35. Each of the above-named Defendants has or claims to have or may claim to have some interest in or lien upon the Mortgaged Property or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of the Consolidation Agreement.

36. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of the Consolidation Agreement or for recovery of the sums secured by the Assignment of Rents or any part thereof.

37. The aforesaid Mortgaged Property described herein is or may be subject to any state of facts an accurate survey may show, and to covenants, restrictions, easements, rights and reservations of record, if any, unpaid taxes, if any, and to any and all restrictions imposed by ordinances and/or zoning requirements of local municipal authorities, and any violation of the

aforesaid, and to the physical conditions of the Mortgaged Property as of the date of sale hereunder.

38.  CAPITAL ONE shall not be deemed to have waived, altered, released or changed the election made, by reason of any payment after the commencement of this action, of any or all the defaults mentioned herein, and such election shall continue and remain effective.

WHEREFORE, Plaintiff CAPITAL ONE demands judgment:

(a) That the Defendants and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien, tenancy, and equity of redemption of, in and to the Mortgaged Property and each and every part and parcel thereof; that the Mortgaged Property may be decreed to be sold, according to law;

(b) That the monies arising from the sale thereof may be brought into Court;

(c) That Plaintiff CAPITAL ONE may be paid the amount due on the Consolidation Agreement as set forth herein, with interest and late charges to the time of such payment and the expense of such sale, plus reasonable attorney's fees, together with all costs, allowances, and disbursements of this action, together with any sums incurred by Plaintiff pursuant to any term or provision of the Consolidation Agreement set forth herein, or to protect the lien of the Consolidation Agreement, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same;

(d) That this Court forthwith appoint a receiver of the rents and profits of the Mortgaged Property, during the pendency of this action with the usual powers and duties;

(e)     That the Defendant 361 MILLER REALTY LLC, as borrower, be adjudged to pay to CAPITAL ONE any deficiency which may remain after applying all of said money so applicable to plaintiff's claims, together with all costs and expenses, including reasonable attorney's fees, incurred by Plaintiff in the collection of said sums and the enforcement of the obligations of said defendant, the amount to be paid by said defendant to be determined by the Court; and

(f)     That Plaintiff CAPITAL ONE may have such other and further relief, or both, in the Mortgaged Property, as may be just and equitable.

Dated: New York, New York
       May 1, 2012

                          Respectfully submitted,
                          SCHIFF HARDIN LLP

                          By: _____
                          Thomas P. Battiston (TB 8012)
                          *Attorneys for Plaintiff Capital One,*
                          *National Association*
                          666 Fifth Avenue, 17th Floor
                          New York, NY 10022
                          (212) 753-5000

## SCHEDULE A

<u>Fee Parcel</u>
(Kings County):

Address:     361 Miller Avenue, Brooklyn, New York
Block:       4009
Lot:         12

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the easterly side of Miller Avenue, distant 150 feet southerly from the southeasterly corner of Pitkin Avenue and Miller Avenue;

RUNNING THENCE easterly parallel with Pitkin Avenue, and part of the distance through a party wall, 95 feet;

THENCE southerly parallel with Miller Avenue, 50 feet;

THENCE westerly parallel with Pitkin Avenue, 95 feet to the easterly side of Miller Avenue;

THENCE northerly along the easterly side of Miller Avenue, 50 feet to the point or place of BEGINNING.